IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00975-BNB

RODRICK D. MADISON,

    Applicant,

v.

BRIGHAM SLOAN, Warden, BCCF, Exec. Director CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 2 2010

GREGORY C. LANGHAM
CLERK

---

ORDER RE: REPLY TO SUPPLEMENTAL PRE-ANSWER RESPONSE

---

As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court determined that a limited pre-answer response was appropriate. On June 11, 2010, Respondents were directed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents submitted their pre-answer response on July 14, 2010. Applicant did not file a reply within the time provided.

Respondents asserted in the Pre-Answer Response that they were unable to assert the defenses of untimeliness and procedural default without reviewing the contents of state trial court documents, which could only be obtained for a fee "making

them essentially unavailable without strenuous efforts to secure funds for the copies." Pre-Answer Response, at 6. On August 19, 2010, the Court ordered Respondents to supplement the Pre-Answer Response with copies of certain state trial court filings and orders relevant to the issues of exhaustion and procedural default on or before September 3, 2010. Respondents filed a Supplemental Pre-Answer Response on August 27, 2010, which includes pertinent documents from the state trial court record. Respondents assert in the Supplemental Pre-Answer Response that Mr. Madison's claims are time-barred under 28 U.S.C. § 2244(d). Respondents further assert that Mr. Madison failed to exhaust state court remedies for his claims, as required by 28 U.S.C. § 2254(b)(1)(A), and that the claims are now procedurally barred.

Applicant will be afforded an opportunity to reply to the Supplemental Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty one (21) days from the date of this Order** Applicant may file a Reply to the Supplemental Pre-Answer Response, if he desires.

DATED September 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00975-BNB

Rodrick D. Madison
Prisoner No. 82798
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/2/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk