IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00975-BNB

RODRICK D. MADISON,

    Applicant,

v.

BRIGHAM SLOAN, Warden, BCCF, Exec. Director CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Rodrick D. Madison, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Bent County Correctional Facility. Mr. Madison has filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 7]. He challenges the validity of his convictions and sentences in Arapahoe County District Court Case Nos. 98CR2780, 00CR0570, 00CR0579, 00CR1407, and 00CR2712.

In an order filed on June 11, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 14, 2010, Respondents submitted a pre-answer response after receiving a thirty-day extension of time. Mr. Madison was given an opportunity to file a reply.

In an Order filed on August 19, 2010, Magistrate Judge Boyd N. Boland Ordered the Respondents to Supplement the Pre-Answer Response with documentation from the state court record concerning Mr. Madison's exhaustion of state court remedies. Respondents filed a Supplemental Pre-Answer Response on August 27, 2010. Applicant was given an opportunity to file a reply.

The Court must construe liberally the Application filed by Mr. Madison because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

In May 2003, Mr. Madison was convicted by a jury in Case No. 00CR1407 of criminal mischief, vehicular eluding, third degree assault, and three counts of felony menacing. Supp. Pre-Answer Resp. at 2; Application at 2. He then pled guilty in Cases No. 98CR2870, 00CR0570, 00CR0579, and 00CR1407 to aggravated motor vehicle theft and three counts of felony theft. *Id.* Applicant was sentenced to consecutive prison terms of six years each for the aggravated motor vehicle theft, theft, and criminal mischief convictions. *Id.* He was sentenced to concurrent prison terms of three years each for the vehicular eluding and felony menacing convictions. *Id.* The concurrent prison terms in 00CR1407 also ran concurrent to the consecutive sentences imposed in the other cases. Supp. Pre-Answer Resp. at 3. Mr. Madison did not file a direct appeal

of his convictions or sentences. Application at 2.

On September 5, 2003, Mr. Madison filed a "Motion to Reconsider Sentence: Presentence Confinement Credit," pursuant to Colo. R. Crim. P. 35(a) and (b), in all five criminal actions. See Supp. Pre-Answer Resp. at 3 and n.2, and Ex. G; see also Application at 4. The trial court denied the motion in each case on November 13, 2003. Pre-Answer Resp. Ex. A at 6, Ex. B at 7, Ex. C at 6, Ex. D at 9, Ex. E at 5; Supp. to Pre-Answer Resp. Ex. H. Applicant did not appeal the trial court's denials of his Motions to Reconsider. Application at 4.

On August 9, 2004, Mr. Madison filed a motion for presentence confinement in all five cases. Pre-Answer Resp. Ex. A at 6, Ex. B at 6, Ex. C at 5-6, Ex. D at 8, Ex. E at 6; Supp. Pre-Answer Resp. Exs. I, J. On September 2, 2004, the trial court granted relief in Case No. 00CR2712, and denied relief in three other cases. Pre-Answer Resp. Ex. A, at 5, Ex. B at 6, Ex. D at 8, Ex. E at 5; Supp. Pre-Answer Resp. Ex. K. The record does not reflect a ruling on the motion filed in 00CR579. Pre-Answer Resp. Ex. C at 6. Applicant did not appeal in any of the three cases where the trial court denied the motion. Application at 4.

On January 19, 2006, Mr. Madison filed a "Motion for Good-Time on Presentence Confinement" in Case Nos. 00CR570 and 00CR2712. Pre-Answer Resp. Ex. B at 6, Ex. E at 5; Supp. Pre-Answer Resp. Ex. L. The trial court denied the motion in Case No. 00CR2712 on June 13, 2006. Pre-Answer Resp. Ex. E at 5; Supp. Pre-Answer Resp. Ex. M. Applicant did not appeal that ruling. Application at 4. The trial

court did not rule on the motion filed in Case No. 00CR0570.

Mr. Madison filed a "Brief on Correction of Illegal Sentence" pursuant to Colo. Crim. P. 35(a) in all five criminal cases on April 29, 2008. Pre-Answer Resp. Ex. A at 5, Ex. B at 6, Ex. C at 5, Ex. D at 8, Ex. E at 5; Supp. Pre-Answer Resp. Ex. N. That motion has not been resolved by the trial court. Pre-Answer Resp. Ex. E at 4-5.

Mr. Madison initiated this action on April 22, 2010. He asserts two claims for relief in his Amended Application, filed on June 9, 2010.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

> to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Madison's conviction became final on June 19, 2003, forty-five days after he was sentenced on May 5, 2003. *See* Colo. App. R. 4(b). Accordingly, the statute started to run on June 20, 2003.

The Court must next determine whether any of Mr. Madison's state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular

post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The one-year period ran from June 20, 2003 until it was tolled on September 5, 2003, when Mr. Madison filed a "Motion to Reconsider Sentence: Presentence Confinement Credit" in all five cases. The Motion to Reconsider was pending until November 13, 2003, when it was denied in each case by the trial court, and for another forty-five days while the Applicant could have filed an appeal. Because the forty-fifth day was Sunday, December 28, 2003, the last day to appeal was Monday, December 29, 2003. Hence, the AEDPA time clock began to run again on December 30, 2003. The clock continued to run for **222 days** until Mr. Madison filed a motion for presentence confinement in all five cases on August 9, 2004.

The August 9, 2004 motion for presentence confinement was pending in each case, except for Case No. 00CR0579, until September 2, 2004, when the trial court denied the motion, plus an additional forty-five days when the Applicant could have filed an appeal. Because the forty-fifth day was Sunday, October 17, 2004, the last day to appeal was Monday, October 18, 2004, and the one-year period commenced again on October 19, 2004. At that point, 299 days had elapsed on the AEDPA time clock in all of Mr. Madison's criminal cases except for 00CR0579. The one-year period expired sixty-six days later, on December 23, 2004, for federal habeas challenges to his convictions and sentences in Cases No. 98CR2780, 00CR0570, 00CR1407 and 00CR2712. Any state post-conviction motions filed by Mr. Madison after that date are

irrelevant to the timeliness of his federal § 2254 Application under 28 U.S.C. § 2244(d). See *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

The issue remaining is whether Applicant's August 9, 2004 motion for presentence confinement in Case No. 00CR0579 was "pending" until April 29, 2008, when he filed another post-conviction motion. Although the interpretation of the term "pending" is a matter of federal law, state procedural laws are relevant to the federal analysis. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The pertinent inquiry is whether the habeas petitioner "was properly employing 'state court procedures' in attempting to exhaust state court remedies." *Id.* (quoting *Barnett*, 167 F.3d at 1323).

The state court's registry of actions in Case No. 00CR0579 shows that the trial court has never ruled on the August 9, 2004 motion for presentence confinement. Pre-Answer Resp. Ex. C. The registry further reflects no filings by Mr. Madison inquiring about the status of his motion or seeking a ruling on that motion before he filed a Rule 35(a) motion in April 2008. *Id.* Under Colorado law, Mr. Madison's failure to take reasonable steps to secure an expeditious ruling on his motion for presentence confinement resulted in the motion's abandonment. See *People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988) (a post-conviction motion is abandoned when there is unreasonable delay and defendant does not make reasonable efforts to pursue the motion); *see also Herr v. People*, 198 P.3d 108, 112 (Colo. 2008) (citing *Fuqua*). When Applicant filed

7

his August 9, 2004 motion for presentence confinement, 299 days had already run on the AEDPA time clock. The state trial court ruled on the motion in Applicant's other cases on September 2, 2004. Pre-Answer Resp. Exs. A, B, D and E. The Court finds as a matter of federal law that the motion for presentence confinement was abandoned, and therefore no longer "pending," sometime prior to September 2, 2006, so that the AEDPA one-year period expired before Applicant filed his next post-conviction motion in April 2008. Accordingly, unless equitable tolling applies, Mr. Madison's challenge to his convictions and sentences in 00CR579 are also time-barred.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); see also *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *Miller*, 141 F.3d at 978. Finally, the habeas petitioner bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Madison does not argue or allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Applicant has failed to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period.

Because the action is time-barred, the Court need not address Respondents'

8

argument that Mr. Madison failed to exhaust his state court remedies.

Accordingly, it is

ORDERED that Rodrick D. Madison's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 7] is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED at Denver, Colorado, this  19th  day of  November , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00975-BNB

Rodrick D. Madison
Prisoner No. 82798
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/19/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk